| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | CASE NO. 1:12-CR-51 |
| | § | |
| DAVID R. NEWSOM | § | |

**MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge. In accordance with 18 U.S.C. § 3401(i) and 18 U.S.C. § 3583(e), Judge Giblin held a hearing and submitted findings of fact and a recommendation on the revocation of defendant David R. Newsom's ("defendant" or "Newsom") supervised release. The magistrate judge recommended that the Court revoke the defendant's supervised release and impose a term of imprisonment for the revocation with a new term of supervision to follow.

The defendant filed objections to Judge Giblin's report. In his objections, Newsom argues that the Government did not prove the alleged supervision violations by a preponderance of the evidence as required. *See* 18 U.S.C. § 3583(e)(3)(setting forth preponderance standard for supervised release violations). The Court conducted a *de novo* review of the record, including the evidence presented at the revocation hearing. The testimony of several law enforcement officers supports Judge Giblin's conclusion that the Government met its evidentiary burden in establishing that Newsom violated conditions of his supervised release by committing the state crimes of misdemeanor assault and driving while intoxicated. The evidence also supports the finding that Newsom consumed alcohol in excess in violation of his supervision conditions.

The Court agrees with the magistrate judge's findings of fact and recommendation regarding Newsom's violations of his term of supervision. The Court finds that Mr. Newsom violated conditions of his supervised release as described in Judge Giblin's report.

It is therefore ORDERED that the magistrate judge's findings of fact and recommendation (#63) regarding Newsom's violations of supervised release are ADOPTED. The defendant's objections (#68) are overruled.

The defendant has not consented to the revocation of his supervised release or waived his right to be present and allocute at sentencing. *See United States v. Schnitker*, 281 F. App'x 295, 299 (5th Cir. 2008)(holding that it was error when a district court imposed a revocation sentence without permitting the defendant the opportunity to allocute at sentencing); *see also* FED. R. CRIM. P. 32.1(b)(2)(C)&(E)(providing that the defendant is entitled to an opportunity to appear, make a statement, and present any information in mitigation before the revocation of supervised release); FED. R. CRIM P. 43(a)(3)(requiring defendant's presence at sentencing). The Court will accordingly set a sentencing hearing to impose the final sentence for the supervised release revocation.

SIGNED at Beaumont, Texas, this 1st day of August, 2017.

                                                                                     MARCIA A. CRONE
                                                                                     UNITED STATES DISTRICT JUDGE